# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **EARLEY STORY,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 19-2171-JTF-tmp |
| | ) |
| **THE TENNESSEE BOARD OF** | ) |
| **PROFESSIONAL RESPONSIBILITY** | ) |
| **DISCIPLINARY CHIEF COUNSEL,** | ) |
| **SANDRA GARRETT,** | ) |
| | ) |
|     Defendant. | ) |

_____

## REPORT AND RECOMMENDATION
_____

Before the court is plaintiff Earley Story's *pro se* complaint. (ECF Nos. 1.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that Story's complaint be dismissed *sua sponte* for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   PROPOSED FINDINGS OF FACT

Story's complaint, which is admittedly difficult to decipher, names as defendant Sandra Garrett, Disciplinary Chief

Counsel for the Tennessee Board of Professional Responsibility.[1] (ECF No. 1 at 1.) Story alleges that on March 14, 2018, he called an inmate in Tennessee state prison to discuss new evidence the inmate mailed to Story, "regarding a drug ledger that revealed payments that were made to [a] confidential informant[.]" (Id.) Story alleges that he placed the call "though a Memphis resident['s]" phone. After the call ended he "noticed that Sandra Garrett and the Nashville telephone number . . . was on the display of my cell phone[.]" (Id.) Story emailed the inmate's lawyer to advise her of the conversation. (Id.) It appears that Story may be a defendant in a criminal case pending in state court. (Id. at 2.)

As a legal basis for his claim, Story states that his "action for this tort" is governed by Tennessee Rule of Professional Conduct 8. (Id. at 1.) He also cites Tennessee Rule of Professional Conduct 4.4(b). (Id.) And he alleges that he "was never notified that . . . Barrett was monitoring my conversation concerning the new evidence" that he received from the inmate. (Id.) Story requests "as a remedy for this breach of contract of unlawfully monitoring of my telephone

---

[1] Although the complaint names only Garrett as a defendant, the docket sheet erroneously reflects the Tennessee Board of Professional Responsibility as also being a defendant. The Clerk of Court is directed to correct the docket to reflect that the only defendant is Garrett.

conversation, the sum of $200,000.00." (Id.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

Story's complaint should be dismissed for failure to state a claim. His complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). As a basis for his suit, Story only specifically cites to the Tennessee Rules of Professional Conduct. But "an alleged violation of the Tennessee Rules of Professional Conduct does 'not itself give rise to a cause of action against a lawyer.'" Bush v. Goodwin, No. 3:15-CV-524-TAV-CCS, 2018 WL 576850, at *15 (E.D. Tenn. Jan. 26, 2018) (quoting Tenn. Sup. Ct. R. 8, RPC Preamble); see also

- 4 -

Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C., No. 13-2328-JDT-DKV, 2013 WL 3992523, at *11 (W.D. Tenn. Aug. 5, 2013). Story's complaint thus fails to allege the violation of a Constitutionally-secured right, and his § 1983 action must therefore be dismissed.

To the extent Story intended to assert his Fourth Amendment rights were violated, he has not pleaded facts sufficient to state a plausible claim for relief. Even liberally construed, the complaint lacks factual matter describing wrongful conduct on the part of defendant, and likewise fails to include facts that would lead the court to reasonably infer that such conduct could warrant liability for a violation of Story's rights. The complaint thus contains a mere "blanket assertion[] of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Because such conclusory allegations are insufficient to state a plausible claim for relief, the complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

### III. RECOMMENDATION

For the above reasons, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

```
                                   s/ Tu M. Pham
                                   TU M. PHAM
                                   United States Magistrate Judge

                                   March 25, 2019
                                   Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**