# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EARLEY STORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02171-JTF-tmp |
| | ) | |
| SANDRA GARRETT, | ) | |
| CHIEF DISCIPLINARY COUNSEL | ) | |
| FOR THE TENNESSEE BOARD OF | ) | |
| PROFESSIONAL RESPONSIBILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE *SUA SPONTE*

On March 12, 2019, Plaintiff Earley Story filed a *pro se* Complaint against the Defendant Sandra Garrett, Chief Disciplinary Counsel for the Tennessee Board of Professional Responsibility alleging violations of 42 U.S.C. § 1983 and Rule 4.4(b) of the Tennessee Rules of Professional Conduct ("RPC"). (ECF No. 1.) On March 19, 2019, the Court granted Story leave to proceed *in forma pauperis*. (ECF Nos. 2 & 7.) The motion was referred to the assigned United States Magistrate Judge for management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and West Tenn. L.R. 4.1(b)(1). The Magistrate Judge screened the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), recommending that the Court dismiss with prejudice the case *sua sponte* with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 8). To date, Plaintiff has not filed any Objections to the Report and Recommendation and the time for doing so has expired.

For the reasons below, the Court accepts the Magistrate Judge's Report and

1

Recommendation and orders the case dismissed *sua sponte*.

## I.     STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."   *See e.g. Baker v. Peterson*, 67 F. App'x 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge submits proposed findings of fact and recommendations to the District Judge, either party may serve and file written objections to such proposed findings and recommendations in accordance with the rules of court.  28 U.S.C. §§ 636(b)(1)(B)-(C).   After reviewing the evidence, the Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge.  *Id.*  A Court need not review any portion of the recommendation to which a Plaintiff does not specifically object.  Therefore, it may adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed.   *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). "*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Payne v. Lucite International*,  No. 13-2948-STA-tmp, 2014 WL 2826343 at *4 (W.D. Tenn. June 23, 2014) (*citing  Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.     STATEMENT OF THE FACTS

The Magistrate Judge's report and recommendation provides proposed findings of fact for this case. Story alleges that on March 14, 2018, Sandra Garrett unlawfully and without his permission or knowledge, intercepted and monitored a telephone conversation between him and a Riverview Prison inmate, Tony Carruthers. Story asserts that the telephone conversation involved a letter regarding a "drug ledger" that had been mailed to Story by Carruthers on December 19, 2017.  Once the call ended, Story contends that Sandra Garrett and a Nashville

telephone number was displayed on his cell phone. (ECF No. 8, 1–2, ECF No. 1 & ECF No. 1-2.) As a result, Story brings claims against Sandra Garrett, in her official capacity as Chief Disciplinary Counsel for the Tennessee Board of Professional Responsibility, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and Tenn. Sup. Ct. R. 8, RPC 4.4(b).[1] As noted above, Plaintiff has not filed any objections to the report and recommendation. Therefore, the Magistrate Judge's proposed findings of fact are adopted by the undersigned District Court.

## III. ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge screened the complaint and recommends dismissal *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6). In the report and recommendation, the Magistrate Judge reasoned that an alleged violation of the Tennessee Rules of Professional Conduct does not comprise a viable § 1983 claim as a deprivation of a constitutional right by a party acting under color of law or otherwise support a legal cause of action against an attorney. *Bush v. Godwin,* No. 3:15-CV-524-TAV, CCS, 2018 WL 576850, at *15 (E.D. Tenn. Jan. 26, 2018). After liberally construing Story's Complaint, the Magistrate Judge also concluded that Story failed to include sufficient facts that would reasonably support a plausible Fourth Amendment claim. As such, the Magistrate Judge recommends dismissal of the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Tenn. Sup. Ct. R. 8, RPC 4.4(2)(b) provides the following:

**Respect for the Rights of Third Persons**. – (a) In representing a client, a lawyer shall not: . .
(b) A lawyer who receives information (including but not limited to, a document or electronically stored information) relating to the representation of the lawyer's client that the lawyer knows or reasonably should know is protected by RPC 1.6 (including information protected by the attorney-client privilege or the work-product rule) and has been disclosed to the lawyer inadvertently or by a person not authorized to disclose such a document or electronically stored information to the lawyer, shall:
(1) immediately terminate review or use of the information;
(2) notify the person, or the person's lawyer if communication with the person is prohibited by RPC 4.2, of the inadvertent or unauthorized disclosure; and
(3) abide by that person's or lawyer's instructions with respect to disposition of written information or refrain from using the written information until obtaining a definitive ruling on the proper disposition from a court with appropriate jurisdiction.
(Effective March 6, 2017)

Upon a *de novo* review of the Complaint and the Magistrate Judge's report and recommendation, the Court finds that the matter should be dismissed *sua sponte* for Plaintiff's failure to state any claims for which relief may be granted. Accordingly, the matter is ordered dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** on this 8th day of May, 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE